ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| IRMA GONZÁLEZ ACOSTA<br><br>Recurrida<br><br>v.<br><br>JOSÉ BENITO RODRÍGUEZ RUEDA, MARIBEL RODRÍGUEZ RUEDA<br><br>Peticionarios | KLCE202300086 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Número: BY2021CV04765<br><br>Sobre: División o Liquidación de Comunidad de bienes hereditarios |

Panel integrado por su presidenta, la Juez Ortiz Flores, la Juez Brignoni Mártir y el Juez Candelaria Rosa

Ortiz Flores, Juez Ponente

## **RESOLUCIÓN**

En San Juan, Puerto Rico, a 31 de enero de 2023.

Comparecen José Benito Rodríguez Rueda y Maribel Rodríguez Rueda (peticionarios), ante este Tribunal de Apelaciones, mediante un recurso de *certiorari*. Los peticionarios recurren de una *Minuta Resolución* notificada el 14 de diciembre de 2022[1] por SUMAC, en la que se expuso que en una Vista argumentativa celebrada el 29 de noviembre de 2022, mediante videoconferencia ZOOM, sobre asuntos sobre el manejo del caso y "luego de revisados los autos, el derecho aplicable y de escuchar los planteamientos de las partes", dispuso lo siguiente:

> Se ordenó a la secretaria de servicios a sala que la minuta sea notificada como una minuta-resolución.

> El causante falleció en el año 2019 y que en el presente caso es aplicable el Código Civil de 1930.

> Sobre el planteamiento de hogar seguro, no procede en esta etapa reclamarlo, no es materia de la demandad y tampoco se puede enmendar la [demanda] mediante una argumentación en el día de hoy.

> Por tanto, cualquier controversia de hogar seguro en estos momentos, no está ante la consideración del Tribunal y como cuestión de hecho tampoco es materia de los memorandos de derecho que se están atendiendo en el día de hoy.

---

[1] Apéndice del recurso, págs. 117-123.

Número Identificador
RES2023_____

En este caso no hay controversia del carácter privativo y ganancial del inmueble, la naturaleza de este está clara que sería 50% privativo y 50% ganancial.

Tampoco hay controversia de que la sociedad de gananciales pagó por las dos hipotecas, gravaron el inmueble, por esta razón la sociedad de gananciales tiene un crédito equivalente al 50% de lo que se pagó de la porción privativa y del inmueble, porque de lo contrario sería incluso un enriquecimiento injusto.

No hay que entrar a determinar si la sociedad de gananciales se benefició o si el causante controlaba los bienes o no, simplemente la naturaleza del bien le persigue como regla general que es la [que] aplica en este caso.

A la luz de ello, continuará el procedimiento sobre los demás asuntos que quedan, para lo que surgen unos términos ya concedidos y también un señalamiento dispuesto en el expediente.

Si es el interés de las partes llegar a algún tipo de acuerdo que sea razonable y aceptable, pueden dialogar y este sería de beneficio para todas las partes.

En cuanto a la cuantía que sería $107,418.45, se establece que este es el crédito que tiene la sociedad de gananciales.

Este caso ya tiene término para el descubrimiento de prueba y las partes tienen término para las mociones dispositivas.

Se señaló la Conferencia con Antelación a Juicio para el 13 de junio de 2023 a las 2:00p.m., mediante videoconferencia.

El informe de conferencia con antelación a juicio, deberá estar radicado con 10 días de anticipación a la vista.

Evidencia que no se incluya en el informe, no será admitida, salvo para impugnación o refutación.

Cada parte deberá cargar la prueba documental al expediente electrónico debidamente identificada.[2]

Evaluada la *Petición de Certiorari* y la *Minuta Resolución*, para determinar si debemos expedir el auto de *certiorari* solicitado, nos corresponde determinar si el asunto planteado versa sobre alguna de las materias contenidas en la **Regla 52.1 de las de Procedimiento Civil**, 32 LPRA Ap., V, R. 52.1. Esta regla establece taxativamente que "solamente será expedido" el auto de *certiorari* para la revisión de remedios provisionales, interdictos, denegatoria de una moción de carácter dispositivo, admisibilidad de testigos de hechos o peritos

---

[2] Apéndice del recurso, págs. 121-122.

esenciales, asuntos relativos a privilegios evidenciaros, anotaciones de rebeldía, en casos de relaciones de familia y en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.[3]

Así las cosas, el primer examen que debe pasar todo recurso de *certiorari* para ser expedido es que debe tener cabida bajo alguno de los incisos de la Regla 52.1 de Procedimiento Civil, *supra*. El tribunal revisor debe negarse a expedir el auto de *certiorari* automáticamente cuando el mismo gire en torno a alguna materia extraña a las disposiciones de la Regla 52.1. En el presente recurso, el asunto versa sobre lo expuesto y dispuesto en una *Minuta Resolución* sobre una Vista argumentativa, es decir, una resolución interlocutoria sobre manejo del caso, por lo que este Tribunal deniega **la expedición del auto de *certiorari*.** Nuestra determinación no prejuzga los señalamientos de error planteados, los cuales podrían ser traídos nuevamente mediante recurso de apelación.

Notifíquese.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[3] La Ley 177 del 30 de noviembre de 2010 (Ley 177) "extendió la facultad de presentar recursos de *certiorari* para revisar también aquellas órdenes o resoluciones interlocutorias dictadas por el TPI que involucren asuntos de interés público o que presenten situaciones que demanden la atención inmediata del foro revisor, pues aguardar hasta la conclusión final del caso conllevaría un 'fracaso irremediable de la justicia'" *IG Builders et al. v. BBVAPR*, *supra*, pág. 337.